1  BYRON MICHAEL PURCELL, ESQ. (State Bar No. 176410)
2  **IVIE McNEILL WYATT PURCELL & DIGGS**
   444 S. Flower Street, Suite 3200
3  Los Angeles, California 90071
   Tel.    (213) 489-0028
4  Fax     (213) 489-0552
   Email  bpurcell@imwlaw.com
5  Email  tloving@imwlaw.com

6  Attorneys for
   **PAUL KAVIN NUTALL**
7  **TIFFANY NUTALL**

8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  PAUL KAVIN NUTALL, an          )  Case No. _____
    individual; TIFFANY NUTALL, an )
12  individual                     )
                                   )  **COMPLAINT FOR DAMAGES**
13                                 )
              *Plaintiff,*         )  **1. EXCESSIVE FORCE (42 U.S.C.**
14                                 )     **§ 1983)**
    vs.                            )  **2. FALSE ARREST/ FALSE**
15                                 )     **IMPRISIONMENT (Penal Code**
    CITY OF ONTARIO, a municipal   )     **Section 236)**
16  entity; ONTARIO POLICE         )  **3. UNLAWFUL/UNREASONABL**
    DEPARTMENT, a municipal entity;)     **E SEIZURE-DETENTION-**
17  OFFICER LILLIE (Badge #21100), )     **ARREST (42 U.S.C. § 1983)**
    an individual; OFFICER DERISIO )  **4. VIOLATION OF RIGHT TO**
18  (Badge #20686), and individual;)     **EQUAL PROTECTION- 14th**
    TURO INC.; HAN ZHANG, an       )     **AMENDMENT/42 U.S.C. § 1983**
19  individual; and DOES 1 to 100, )  **5. MONELL LIABILITY –**
    Inclusive,                     )     **RATIFICATION,**
20                                 )     **INADEQUATE TRAINING,**
                                   )     **UNCONSTITUTIONAL**
21            *Defendants.*        )     **CUSTOM, PRACTICE,**
                                   )     **POLICY (42 U.S.C. § 1983)**
22                                 )  **6. BATTERY/ASSAULT- (Cal.**
                                      **Government Code §§ 815.2(a),**
23                                    **820(a); Cal. Civil Code § 43)**
24                                 )  **7. VIOLATION OF THE BANE**
25
26
27
28
    _____

                            1
              COMPLAINT FOR DAMAGES

ACT (CAL. CIV. § 52. 1)
8.  **VIOLATION OF THE RALPH ACT (CAL. CIV. § 51. 7)**
9.  **NEGLIGENCE- NEGLIGENT ENTRUSTMENT, HIRING, SUPERVISION, AND/OR RETENTION (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)**
10. **DEFAMATION/ LIBEL PER SE**
11. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
12. **NEGLIGENCE**
13. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
14. **UNFAIR BUSINESS PRACTICES**
15. **NEGLIGENT MISREPRESENTATION**
16. **TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**<u>DEMAND FOR JURY TRIAL</u>**

---

**COMES NOW PLAINTIFFS PAUL KAVIN NUTALL and TIFFANY NUTALL** ("Plaintiffs," collectively) who allege as follows:

**<u>INTRODUCTION</u>**

1.      This civil rights action seeks compensatory and punitive damages against Defendants CITY OF ONTARIO ("CITY"), ONTARIO POLICE DEPARTMENT ("OPD"), OFFICER LILLIE (Badge #21100) ("LILLIE")

OFFICER DERISIO (Badge #20686) ("DERISIO"), TURO INC. ("TURO") HAN ZHANG and DOES 1-100, Inclusive, ("Defendants," collectively) for violating various rights under the United States Constitution and state law in connection with Defendants' conduct on February 17, 2024, resulting in Plaintiffs' serious, ongoing mental, physical, and emotional damages, pain and suffering in an amount to be determined at trial.

## JURISDICTION AND VENUE

2.     Venue and jurisdiction are proper in this Court because the parties reside in and all incidents, events, and occurrences giving rise to this action occurred in the City of Ontario, California.

3.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3)-(4) because this civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitutions.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

4.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

5.    At all relevant times herein, Plaintiff PAUL KAVIN NUTALL ("Plaintiff"), an individual, is African American man who resides in McAllen, Texas and was visiting Ontario, California, for purposes of conducting business.

6.    At all relevant times herein, Plaintiff TIFFANY NUTALL, an individual, is the wife of Plaintiff PAUL KAVIN NUTALL, and perceived the events at issue on or about February 17, 2024.

7.    At all relevant times herein, Defendant CITY OF ONTARIO ("CITY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY had possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the Ontario Police Department, and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY OF ONTARIO was the employer of Defendants LILLE, DERISIO, and Defendants DOES 1-100 who were CITY OF ONTARIO, police officers, managerial, supervisorial, and policymaking employees of the Ontario Police Department.

8.    At all relevant times herein, Defendant ONTARIO POLICE DEPARTMENT ("OPD") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant OPD had possessed the power and authority to

adopt policies and prescribe rules, regulations, and practices affecting the operation of the Ontario Police Department, and its tactics, methods, practices, customs and usage. At all relevant times, Defendant ONTARIO POLICE DEPARTMENT was the employer of Defendants LILLE, DERISIO, and Defendants DOES 1-100 who were Defendant ONTARIO POLICE DEPARTMENT police officers, managerial, supervisorial, and policymaking employees of the Ontario Police Department

9.   At all times mentioned herein and material to, Defendant LILLIE was engaged in law enforcement as a police officer, deputy sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant CITY and/or OPD, duly employed as police officer by the ONTARIO POLICE DEPARTMENT and/or CITY OF ONTARIO, who was acting in the course and scope of his employment at all times relevant to the acts and omissions herein alleged.

10.   At all times mentioned herein and material to, Defendant DERISIO was engaged in law enforcement as a police officer, deputy, sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant CITY and/or OPD, duly employed as police officer by the ONTARIO POLICE DEPARTMENT and/or CITY OF ONTARIO, who was acting in the course and

scope of her employment all times relevant to the acts and omissions herein alleged.

11.     At all times mentioned herein and material hereto, Defendants CITY and OPD will be referred to, collectively as "City Defendants."

12.     Plaintiffs are informed and believe and thereupon allege herein, Defendant TURO INC., an incorporated corporation, and DOES 1 through 25, at all times relevant hereto, were and are the owners and operators of the car rental company, Turo.

13.     Plaintiffs are informed and believe and thereupon allege herein, Defendant HAN ZHANG, an individual, and DOES 26 through 50 inclusive, at all times relevant hereto, were and are the owners of the 2015 Maserati Ghibli, Plaintiff PAUL KAVIN NUTALL rented from Defendant TURO INC.

14.     Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

15.     On information and belief, at all relevant times, Defendants LILLIE, DERISIO, and Defendant DOES were residents of the City of Ontario.

16.     At all relevant times, Defendants LILLIE, DERISIO, and Defendant DOES were duly authorized employees and agents of CITY and/or OPD, who were acting under color of law within the course and scope of their respective

COMPLAINT FOR DAMAGES

duties as police officers and within the complete authority and ratification of their principal, Defendant CITY and/or OPD.

17.    At all relevant times, Defendants LILLIE, DERISIO, and Defendant DOES were duly appointed deputies/officers and/or employees or agents of Defendant CITY and/or OPD, subject to oversight and supervision by Defendant CITY and/or OPD's elected and non-elected officials.

18.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of Defendant CITY and/or OPD.

19.    At all times mentioned herein, each and every CITY and/or OPD defendant was the agent of each and every other CITY and/or OPD defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY and/or OPD defendant.

20.    At all relevant times, Defendants LILLIE, DERISIO, and Defendant DOES were working for Defendants CITY and/or OPD as police officers.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.    Pursuant to California Government Code § 910, Plaintiff PAUL KAVIN NUTALL filed a Claim for Damages ("Claim") with Defendant CITY OF ONTARIO, in compliance with applicable sections of the California Government Code and California Civil Code, on or about August 1, 2024.

Defendant CITY OF ONTARIO failed to respond and address Plaintiff's Claim, and therefore Plaintiff's Claim is deemed rejected. On October 15, 2024, Plaintiff received a letter from Ontario Police Department, Chief of Police, Michael Lorenz, dated August 27, 2024, stating that Plaintiff's complaint against a member of the Ontario Police Department was investigated and determined to be unfounded.

## FACTS COMMON TO ALL CAUSES OF ACTION

22.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 21 of this Complaint with the same force and effect as if fully set forth herein.

23.    On February 16, 2024, Plaintiff PAUL KAVIN NUTALL arrived at the Ontario International Airport from Texas, at approximately 11:53pm. Plaintiff intended to attend business meetings scheduled for that weekend, regarding Plaintiffs' production company, 2ndChance TV Shows & Production.

24.    Upon deplaning and retrieving his luggage from baggage claim, Plaintiff proceeded to the airport's parking structure to locate the rental vehicle he rented from Defendant TURO. Defendant TURO's host, Defendant HAN ZHANG, is the owner of the 2015 Maserati Ghibli Plaintiff rented, and arranged for the pickup of the rental vehicle.

25.    Once in the vehicle Plaintiff connected his phone call with his wife,

Plaintiff TIFFANY NUTALL and proceeded to Jack in the Box to retrieve an online order placed by his wife, Plaintiff TIFFANY NUTALL.

26.     Upon retrieving his order, Plaintiff PAUL KAVIN NUTALL exited the Jack in the Box parking lot and attempted to drive towards his Airbnb rental, located approximately 10 minutes away.

27.     While at a red-light intersection, poised to make a left turn, Plaintiff noticed Defendant OFFICER LILLIE'S police vehicle cross the intersection, indicating intent to proceed straight. Seconds after Defendant OFFICER LILLIE'S police vehicle passed Plaintiff's vehicle, Defendant made a U-turn in pursuit of Plaintiff's vehicle, accelerated, activated his emergency lights, and commanded Plaintiff PAUL KAVIN NUTALL to pull over.

28.     In efforts to identify a safe and appropriate spot to pull over, due to multiple cars parked along the side of the road and oncoming traffic, Plaintiff PAUL KAVIN NUTALL drove less than a block at a very slow speed and swiftly complied with Defendant's command.

29.     Once Plaintiff pulled over, stopped, and turned off the vehicle, Plaintiff noticed five police officer vehicles behind him. Defendant OFFICER LILLIE then approached Plaintiff's vehicle in a very hostile, agitated, confrontational, and unprofessional manner, swearing at Plaintiff and stating he needed to "fucking stop."

30.     Defendant ordered Plaintiff to roll down all of his windows, to which Plaintiff complied.

31.     Plaintiff then inquired as to why he was being stopped, and Defendant LILLIE asserted that the rental vehicle Plaintiff was driving, "has expired tags."

32.     In order to protect the safety of the officer as well as himself, Plaintiff announced to Defendant LILLIE that he was employing "constitutional safeguards" by having someone experienced in law enforcement procedures, on the phone to assist to which the officer ordered him to get off the phone.

33.     The expiration of the vehicle's tags was unbeknownst to Plaintiff as he had just picked up the rental vehicle minutes earlier and the vehicle was owned by Defendant HAN ZHANG and required to be "in full compliance with…registration requirements," at all times, in order to be listed as a rental, as stated in Defendant TURO's Terms of Service. Plaintiffs entrusted that Defendants TURO and HAN ZHANG would provide a rental vehicle that was compliant with all applicable vehicle code and regulations, given Defendant TURO's promise of compliance advertised to its consumers.

34.     Plaintiff PAUL KAVIN NUTALL immediately communicated to Defendant LILLIE that the vehicle was not owned by Plaintiff but was a rental from Defendant TURO. Plaintiff also assured Defendant LILLIE he was not

affiliated with any criminal or illegal activity. Defendant LILLIE was uninterested in Plaintiff's truth and explanation.

35.  Given Defendant LILLIE's apparent disinterest, Plaintiff PAUL KAVIN NUTALL called his colleague, John Fitzgerald, an experienced law enforcement professional, in hopes that Defendant LILLIE may respond more favorably to Mr. Fitzgerald and assist in minimizing Defendant's unnecessary suspicion and hostility towards Plaintiff.

36.  Defendant LILLIE demanded Plaintiff's "full attention" and persisted that Plaintiff hang up the phone. Plaintiff responded that he did not want to end the call with his wife, Plaintiff TIFFANY NUTALL, and Mr. Fitzgerald. However, once Mr. Fitzgerald professionally and calmly explained to Defendant LILLIE that Plaintiff was his colleague, lives in Texas, and desires to keep all parties safe, Plaintiff PAUL KAVIN NUTALL agreed to end the call with Plaintiff TIFFANY NUTALL and Mr. Fitzgerald.

37.  Despite Defendant LILLIE's assertion that the reason for the stop was due to expired registration tags, Defendant LILLIE did not request to inspect the vehicle's registration or insurance documentation, and only attempted to verify Plaintiff PAUL KAVIN NUTALL's driver's license.

38.  Still concerned about his safety and the lawfulness of Defendants'

stop of Plaintiff, once the three-way call ended and prior to being asked to exit the vehicle, Plaintiff PAUL KAVIN NUTALL placed his cell phone on recording.

39.     Once Defendant LILLIE returned after incorrectly verifying Plaintiff's driver's license, Defendant LILLIE instructed Plaintiff to exit the vehicle, stating that he was going to step out of the vehicle so they could "have a little chat." Plaintiff asked, "am I being detained," to which Defendant LILLE replied "yes." At that time, Defendant LILLE did not identify the reason for Plaintiff's detainment.

40.     Once Plaintiff was out of the vehicle, Defendant LILLIE proceeded to question Plaintiff PAUL KAVIN NUTALL about how much Plaintiff paid for his shoes and stated that Plaintiff "had some fancy shoes on."  Defendant LILLIE also questioned Plaintiff about the car he was driving and his propensity to buy "exotic cars." Defendant LILLIE continued to ask how much Plaintiff paid for the vehicle, after Plaintiff had already communicated that the vehicle was a rental. Finally, Defendant LILLIE repeatedly asked Plaintiff about his Louis Vuitton satchel, located in the passenger seat of the vehicle. Officer LILLIE took the satchel and never returned it to Plaintiff PAUL KAVIN NUTALL. In this line of unnecessary questioning, Defendant LILLIE demonstrated clear bias and suspicion of Plaintiff, an African American man with expensive items.

41.     One of the officers involved in the stop, signaled to another officer

that Plaintiff's phone was still recording, leading to that officer terminating the video recording.

42.    Once Plaintiff was placed in handcuffs, he repeatedly asked the officers to loosen the cuffs, however Defendant OFFICER DERISIO proceeded to tighten the cuffs, which caused Plaintiff excruciating pain.

43.    Defendant LILLIE inquired as to whether Plaintiff would consent to a search of the vehicle, to which Plaintiff initially did not agree but eventually under emotional and physical duress consented,  in hopes of expediting the stop, to alleviate the offices' unfounded suspicions, and removal of the painfully tight handcuffs. Defendant LILLIE did not find anything illegal or suspicious of a crime.

44.    Defendant LILLIE later questioned Plaintiff PAUL KAVIN NUTALL about a two-decade-old arrest in Michigan, to which Plaintiff responded that he did not commit that crime, and two alleged warrants for his arrest in California,  to which Plaintiff denied having and asserted that he does not have any warrants out for his arrest in California.

45.    Defendant LILLIE informed Plaintiff that he was being arrested for the two alleged felony warrants, unreasonably and falsely detained Plaintiff PAUL KAVIN NUTALL, and placed him in the police vehicle.

46.    City Defendants wrongfully and unlawfully arrested Plaintiff PAUL

COMPLAINT FOR DAMAGES

KAVIN NUTALL without confirming his identity.

47.    Plaintiffs were informed, believe and hereby allege that City Defendants intentionally mistook him for another man with a different middle name and birth date, who has warrants for his arrest in California.

48.    Plaintiff immediately began experiencing difficulty breathing attributed to a potential anxiety attack, to which Defendant LILLIE responded by violently pulling Plaintiff out of the police vehicle and aggressively placed him on the curb, causing Plaintiff to fall over in the grass and further injuring his hands and wrists exacerbate his difficulty to breath and other conditions.

49.    Once emergency services arrived, a firefighter instructed Defendant LILLIE and/or DERISIO to remove Plaintiff's hand cuffs, stating that Plaintiff should not be in hand cuffs if he is struggling to breath. Defendant LILLIE and/or DERISIO began to vigorously remove the cuffs, causing Plaintiff to yell out in pain. Plaintiff heard a pop just before the handcuffs were removed, which was later revealed to be a fracture in Plaintiff's wrist.

50.    Plaintiff was placed on a stretcher and put into an ambulance at the scene. Once in the ambulance Emergency Medical Services personnel administered a medication, Nitroglycerine, to which Plaintiff had an adverse and distressing reaction resulting in intense cold chills, Plaintiff began struggling to

breath, profusely sweating, shaking, and experienced a temporary loss of consciousness, and vomiting upon Plaintiff's abrupt regain of consciousness.

51.    Once at San Antonio Regional Hospital, Plaintiff continued to be questioned, accused and abused by Defendant LILLIE resulting in him not receiving adequate emergency and medical services from the hospital staff. Defendant LILLIE questioned the seriousness of Plaintiff's condition, stating that "he was faking it" to medical personnel and Defendant's fellow officers.

52.    While Plaintiff was awaiting medical care, an officer informed Plaintiff that they made a mistake in identifying Plaintiff, and the individual with the warrants had a middle name spelled differently than Plaintiff's.

53.    Despite Plaintiff PAUL KAVIN NUTALL's eventual release from police custody and the officer's acknowledgement of the mistaken identity, the citation issued to Plaintiff states four violations including grand theft, and forgery. Plaintiff never committed these crimes, however, the citation was never corrected.

54.    Despite Plaintiff PAUL KAVIN NUTALL's eventual discharge and the acknowledgement of the mistaken identity, the Vehicle Report states that the driver, Plaintiff PAUL KAVIN NUTALL, was found to have "two active warrants for his arrest, driver was arrested, and vehicle was towed for UC 22651(h)(1)." This incorrect and false statement was never corrected by City Defendants.

55.     City Defendants did not and could not have relied on legitimate information to arrest Plaintiff. Upon information and belief, said Defendants acting under color of law intentionally and/or recklessly arrested Plaintiff without confirming his identity, birth date, social security number, age, or any other information that would prove that Plaintiff did not have any such warrants for his arrest.

56.     Plaintiff experienced serious physical repercussions of the encounter, including a fractured wrist, excruciating pain, swelling, bruises, necessitating additional medical evaluation and treatment at Urgent Care, revealing a fracture above his right hand. Plaintiff also experienced increasing pain in his neck area, heart palpitations, lower and upper back pain. As a result of this incident, Plaintiff was forced to seek professional help from a psychiatrist to deal with his now increased anxiety level causing him to take medicine, as well as experiencing paranoia when seeing police vehicles nearby while driving.

57.     At no time during the course of these events did Plaintiff pose any reasonable or credible threat of death or serious bodily injury to Defendants LILLIE, DERISIO, or Defendant DOES, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that

Plaintiff had the will, desire, or the ability to inflict substantial bodily harm against any individual.

58.    Despite the aforementioned conduct, Defendant CITY and/or OPD ratified, acquiesced, or otherwise turned a blind eye to Defendants and DOES 1-100 misconduct, and allowed Defendants LILLIE, DERISIO, and Defendant DOES 1- 100 to remain a police officer with Defendant CITY or OPD, which was a substantial and proximate cause of this incident and Plaintiff's damages. Upon information and belief, Defendants LILLIE, DERISIO, and Defendant DOES 1-100 displayed and acted with racial animus against Plaintiff in retaliation for and/or to prevent Plaintiff from exercising his rights to be free from excessive force and/or verbally protest police misconduct in violation of Plaintiff's First Amendment rights.

59.    As a result of Defendants LILLIE, DERISIO, and Defendant DOES' aforementioned misconduct, Plaintiff claims and is entitled to damages for past, current and ongoing economic and noneconomic damages including, but not limited to extreme and severe emotional distress, mental, physical, and emotional pain and suffering/damages, anguish, pain, humiliation, anxiety, etc. all in a sum to be determined at trial

## FIRST CAUSE OF ACTION

## EXCESSIVE FORCE 42 U.S.C. § 1983

**(Plaintiff PAUL KAVIN NUTALL against Defendants CITY OF ONTARIO, ONTARIO POLICE DEPARTMENT, OFFICER LILLIE, OFFICER DERISIO, Inclusive)**

60.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.    At all times relevant to the acts and omissions herein alleged, Defendants LILLIE, DERISIO, and Defendant DOES were employed by Defendants CITY OF ONTARIO as law enforcement officers and were acting under color of law and in the course and scope of their employment with Defendants CITY OF ONTARIO and ONTARIO POLICE DEPARTMENT.

62.    Despite not physically or actively resisting City Defendants or engaging in any criminal misconduct and without any reasonable suspicion or probable cause to believe that Plaintiff was armed or posed an objectively reasonable threat of death or serious bodily harm to the City Defendants, City Defendants used excessive force against Plaintiff by detaining Plaintiff in an unreasonable manner and for an unreasonable time which was unnecessarily painful, degrading, harmful, intrusive, or prolonged, causing pain, terror, humiliation, grief, anxiety, and distress.

63.    As result of the excessive force, Plaintiff sustained serious past and

ongoing physical, mental and emotional injuries.

64.     Upon information and belief, the City Defendants have had several prior complaints of excessive force brought against them by citizens of the CITY indicative of the defendant officers' propensity to use excessive force that went uninvestigated and/or for which the officers were subjected to no discipline nor remedial training or repercussions indicative of an unconstitutional custom and policy of inaction, inadequate training, and/or ratification of unconstitutional uses of force.

65.     The excessive use of force deprived Plaintiff of her right to be secure in her person against excessive force and unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

66.     The conduct of Defendants was excessive, objectively unreasonable, willful, wanton, malicious, and in reckless disregard for the rights and safety of Plaintiff, especially because Plaintiff was unarmed, did not physically or verbally threaten the officers with any physical harm, did not commit any crime, was not fleeing or attempting to flee, and was not physically or actively resisting the City Defendants' efforts to arrest/detain him. The aforementioned conduct warrants the imposition of exemplary and punitive damages against City Defendants.

67.     Upon information and belief, City Defendants' conduct also violated

COMPLAINT FOR DAMAGES

their standard police training.

68.    The aforementioned acts and omissions of City Defendants, and each of them, were a direct and proximate cause of Plaintiff's physical, mental, and emotional injuries, which warrant the awarding of compensatory and special damages in a sum according to proof.

69.    Plaintiff seeks past, present and future general, special, compensatory and consequential damages for the violation of Plaintiff's rights. Plaintiff also seeks costs and reasonable attorney's fees as provided under 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

**FALSE ARREST/ FALSE IMPRISIONMENT Penal Code Section 236 (Plaintiff PAUL KAVIN NUTALL against Defendants CITY OF ONTARIO, ONTARIO POLICE DEPARTMENT, OFFICER LILLIE, OFFICER DERISIO, Inclusive)**

70.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth

71.    On or about February 17, 2024, City Defendants, and DOE Officers, acting in the course and scope of their employment with City Defendants, falsely arrested Plaintiff PAUL KAVIN NUTALL, for two allegedly active felony warrants for his arrest, as he was traveling to his Airbnb after arriving in Ontario,

California, from Texas.

72.    The warrants identified by said City Defendants was illegitimate because the warrants were not for Plaintiff. Defendants failed to confirm any information about Plaintiff which would have established that he did not commit the alleged crimes. The City Defendants and each of them knew or should have known that the warrant was not for Plaintiff.

73.    As a result of the incorrect and improper identification of the alleged warrants for Plaintiff's arrest, Plaintiff was wrongfully arrested in violation of his civil rights. Due to the actions of City Defendants and each of them in violating Plaintiff's civil rights, Plaintiff has suffered physical and emotional injury and mental anguish in a sum according to proof at trial.

74.    At all times herein alleged Plaintiff PAUL KAVIN NUTALL has not committed the alleged crimes. Defendant, and each of them, had no probable cause to believe that Plaintiff had committed a crime.

75.    On information and belief, Defendant DOE Officers, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages in a sum according to proof for the purpose of deterring City Defendants and others from such conduct in the future.

COMPLAINT FOR DAMAGES

## **THIRD CAUSE OF ACTION**

**UNLAWFUL/UNREASONABLE SEIZURE-DETENTION-ARREST 42**

**U.S.C. § 1983**

**(Plaintiff PAUL KAVIN NUTALL against Defendants CITY OF ONTARIO,**

**ONTARIO POLICE DEPARTMENT, OFFICER LILLIE, OFFICER**

**DERISIO, Inclusive)**

76.    Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77.    At all times relevant herein, Plaintiff PAUL KAVIN NUTALL had a constitutionally afforded right against unlawful detentions which are unreasonable due to no reasonable suspicion that Plaintiff committed any crime and/or unreasonable in time and/or manner which are unnecessarily painful, degrading, harmful, intrusive, or prolonged.

78.    Upon information and belief in the instant case, Plaintiff's detention was unlawful because Defendants knew or should have known after obtaining Plaintiff's driver's license and searching for his identity, that Plaintiff committed no crime and City Defendants had no objectively reasonable suspicion that Plaintiff committed any crime.

79.    Upon information and belief in the instant case, Plaintiff's detention

was unlawful because it was unreasonable in time and/or manner unnecessarily painful, degrading, harmful, intrusive, humiliating, prolonged, and not justified under the circumstances, especially when such detention was continued despite Defendants proper confirmation of Plaintiff's identity and Plaintiff's protests.

80. Upon information and belief, the Defendants unreasonably detained Plaintiff in a fearsome, degrading, prolonged, intimidating, intrusive, and embarrassing manner despite no reasonable belief that Plaintiff was armed, verbally or physically resisting them, attempting to flee or a threat of death or serious bodily harm to Defendants by violently and aggressively placing handcuffs on Plaintiff. This use of force and authority made it clear that Plaintiff was not free to go and was instead being detained as a criminal when Plaintiff committed no crime.

81. Upon information and belief, the Defendants further unreasonably, painfully, unjustifiably, degradingly, and harmfully handcuffed Plaintiff and kept him in handcuffs whereby he was harmed mentally, physically and/or emotionally and detained for an unreasonable amount of time and/or manner because Plaintiff was never lawfully arrested.

82. Upon information and belief, and despite not being under any lawful

arrest, Plaintiff's person, effects and/or vehicle was searched in humiliating view of other civilians in violation of his rights against unreasonable detention/seizure/arrest.

83.    The aforementioned facts of Plaintiff's unreasonable detention directly and proximately caused Plaintiff general and special damages in an amount to be determined.

84.    Accordingly, City Defendants each are liable to Plaintiff for compensatory damages, costs and attorney's fees under 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION

### VIOLATION OF RIGHT TO EQUAL PROTECTION- 14th AMENDMENT/42 U.S.C. § 1983

**(Plaintiff PAUL KAVIN NUTALL against Defendants CITY OF ONTARIO, ONTARIO POLICE DEPARTMENT, OFFICER LILLIE, OFFICER DERISIO, Inclusive)**

85.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 84 of this Complaint with the same force and effect as if fully set forth herein.

86.    At all times relevant herein, Plaintiff PAUL KAVIN NUTALL had a right to equal protection under the law as afforded and provided by the Fourteenth Amendment and protected by the same and 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES

87.    Upon information and belief, Defendants LILLIE and DERISIO chose to use and/or used excessive force against and/or otherwise violated Plaintiff's rights and treated Plaintiff differently due to Plaintiff being an African-American man.

88.    Upon information and belief, a substantial and motivating reason for Defendants' use of excessive force, unlawful detention was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of and operation upon some bias because of Plaintiff's race, gender, national origin, clear and apparent vulnerability in reckless disregard of Plaintiff's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

89.    Plaintiff's race and gender as an African-American man was a motivating factor for Defendant LILLIE, Defendant DERISIO, and Defendant DOES discriminatory and negligent behavior toward Plaintiff. Plaintiff asserts that Defendants unreasonably seized, detained, and arrested him because he is African-American, and those of a different racial or ethnic creed would not have been treated the same way as Plaintiff under these circumstances.

90.    The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

91.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, pain and suffering either because they were integral participants in the excessive force and equal protection deprivation, or because they failed to intervene to prevent these violations. As a further proximate result of the above-described conduct of the Defendants, and each of them in an amount according to proof at trial.

92.     The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of which warrant the awarding of compensatory and special damages in a sum according to proof. Plaintiff also seeks costs and attorney's fees as provided by 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION

**MUNICIPAL LIABILITY-42 U.S.C. § 1983- RATIFICATION-INADEQUATE TRAINING, UNCONSTITUTIONAL CUSTOM, PRACTICE, POLICY**

**(By Plaintiff PAUL KAVIN NUTALL against Defendants CITY OF ONTARIO and ONTARIO POLICE DEPARTMENT)**

93.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 92 of this Complaint with the same force and effect as if fully set forth herein.

94.     Defendants LILLIE, DERISIO, and Defendant DOES acted under

color of law with authority as law enforcement officers from Defendant CITY and/or OPD.

95.     The acts of Defendants LILLIE, DERISIO, and Defendant DOES deprived Plaintiff of her particular rights under the United States Constitution and aforementioned statutes.

96.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants LILLIE, DERISIO, and Defendant DOES ratified (or will ratify) Defendants' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts of these Defendants. Plaintiff is ignorant of the specific policymaker that knew and/or specifically approved of Defendants LILLIE, DERISIO, and Defendant DOES conduct, and discovery must be conducted to ascertain the final policymaker's identity.

97.     Upon information and belief, a final policy maker determined Defendants' unconstitutional actions were "within policy" and ratified their acts alleged herein.

98.     By reason of the aforementioned acts and omissions, Plaintiff has suffered and hereby claims loss of wages, past and ongoing economic and noneconomic mental, physical, and emotional pain and suffering/damages, and

loss of earning capacity.

99.    The training policies of Defendant CITY and OPD were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

100.    Defendant CITY and OPD were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

101.    The failure of Defendant CITY and OPD to provide adequate training caused the deprivation of the Plaintiff's rights by Defendants; that is, the CITY and OPD's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury. Specifically, Defendant CITY and OPD failed to train or ensure that Defendants remained compliant with Defendant CITY and OPD training to not use excessive force and not detain persons once it is clear that Defendants have no reasonable suspicion or probable cause to seize/detain/arrest persons.

102.    By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of wages and loss of earning capacity. The aforementioned acts and omissions also caused Plaintiff's past and ongoing physical, mental, and emotional pain and suffering.

103.    Defendants LILLIE, DERISIO, and Defendant DOES acted pursuant

COMPLAINT FOR DAMAGES

to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY and OPD.

104.    On information and belief, Defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

105.    Defendants, together with other CITY and OPD policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)    Using excessive force;

(b)    Providing inadequate training regarding the use of force;

(c)    Employing and retaining as police officers individuals such as Defendants, who Defendant CITY and/or OPD at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)    Inadequately supervising, training, controlling, assigning, and disciplining CITY and/or OPD officers, and other personnel, including Defendants, who Defendant CITY and/or OPD knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)    Maintaining grossly inadequate procedures for reporting,

supervising, investigating, reviewing, disciplining and controlling misconduct by CITY and/or OPD officers/deputies and Defendants LILLIE, DERISIO, and Defendant DOES;

(f)    Failing to adequately discipline CITY and/or OPD police officers, including Defendants, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)    Announcing that unjustified uses of excessive force are "within policy," including incidents that were later determined in court to be unconstitutional;

(h)    Even where unlawful seizures/detentions/arrests are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct

involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police excessive force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unlawful and unreasonable seizures/detentions/arrests of those who officers know or have reason to known have not committed any crime; and

(k)     Detaining citizens without reasonable suspicion or in an unreasonable manner or for an unreasonable amount of time.

106.   The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are further evidenced by the number of unlawful and unreasonable seizures/detentions/arrests, which constituted excessive force, involving police officers working for the City of Ontario and/or Ontario Police Department. The following cases, without limitation, are examples of continued misconduct by police officers working for the City of Ontario and/or Ontario Police Department:

(a)     Moreover, on information and belief, this is not Defendants' first

COMPLAINT FOR DAMAGES

complaint or lawsuit alleging excessive force. Following these previous incidents, Defendant CITY and/or OPD failed to terminate Defendant, adequately discipline or retrain Defendants, or otherwise protect the public from Defendants. As a result of these actions and omissions, Plaintiff was injured and sustained mental, physical, and emotional injuries.

107. By reason of the aforementioned acts and omissions, Plaintiff suffered past, present and ongoing economic and non-economic damages including medical expenses, mental, physical and emotional damages.

108. Defendants CITY and OPD and Defendants LILLIE, DERISIO, and Defendant DOES, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

109. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants acted with intentional, reckless, and

callous disregard for Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, OPD, and Defendants LILLIE, DERISIO, and Defendant DOES were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

110.  On information and belief, there knowingly exists a secret group, society, fraternity, clique, and/or gang of police officers in the City of Ontario and/or Ontario Police Department that encourages, condones, ratifies, and/or otherwise turns a blind eye to acts of violence and other police misconduct against citizens, especially citizens of color as demonstrated in the subject incident.

111.  On information and belief, Defendants, and each of them, are a member of a secret group, society, fraternity, clique, and/or gang of police officers in the City of Ontario and/or Ontario Police Department that encourages, condones, ratifies, and/or otherwise turns a blind eye to acts of violence and other police misconduct against citizens, especially citizens of color as demonstrated in the subject incident.

112.  Accordingly, Defendants and each of them are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

113.  Plaintiff also seeks attorney fees under 42 U.S.C. § 1988 for this

claim.

## <u>SIXTH CAUSE OF ACTION</u>

### BATTERY BY A POLICE OFFICER AND ASSAULT

### (By Plaintiff PAUL KAVIN NUTALL against Defendants LILLIE,

### DERISIO, and Defendant DOES 1-10, Inclusive)

114.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 113 of this Complaint, and by reference incorporates the same herein and makes each a part herein.

115.   All claims asserted herein against Defendants CITY and OPD are presented pursuant to Defendant CITY and OPD's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

116.   At the aforementioned date, time and place, Defendants, and each of them, assaulted and battered Plaintiff by subjecting him to unreasonable force. Defendants assaulted and battered Plaintiff by aggressively and violently placing him in handcuffs and tightening cuffs despite Plaintiff's pleas of pain, and causing Plaintiff to fall face down in the grass while in handcuffs. Plaintiff did not consent to Defendants' wrongful, harmful, and offensive force and neither was Defendants' force privileged.

117.   By reason of the aforementioned Defendants' actions, Plaintiff was

COMPLAINT FOR DAMAGES

placed in great fear for her safety and physical and emotional wellbeing and had a reasonable belief that Defendants could carry out harm to Plaintiff.

118.   The aforementioned acts of Defendants, and all of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE BANE ACT (CAL. CIV. § 52. 1)

## (By Plaintiff PAUL KAVIN NUTALL against Defendants LILLIE, DERISIO, and Defendant DOES 1-10, inclusive)

119.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 118 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

120.   On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiff's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California through the aforementioned conduct, thereby providing a civil cause of action against defendants under California Civil Code Section 52.1.

121.   Defendants, while working as officers for the CITY and/or

OPD, and acting within the course and scope of their official duties, interfered with or specifically intended and attempted to interfere with the rights of Plaintiff to be free from unreasonable seizures/detentions/arrests and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

122.   On information and belief, Defendants seized, detained, arrested, used force against and/or injured Plaintiff to prevent Plaintiff from exercising her rights or to retaliate against Plaintiff for having exercised her rights.

123.   As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).

124.   Defendants CITY and OPD are vicariously liable for the wrongful acts of Defendants pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability

## EIGTH CASUE OF ACTION

## VIOLATION OF RALPH CAL. CIV. CODE 51.7

**(By Plaintiff PAUL KAVIN NUTALL against Defendants LILLIE,**

**DERISIO, and Defendant DOES 1-10, inclusive)**

125.   Plaintiff refers to and realleges each and every allegation contained in paragraphs 1 through 124 of this Complaint, and by this reference incorporates the same herein and makes each part hereof.

126.   On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiff's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby providing a civil cause of action against defendants under California Civil Code Section 51.7.

127.   Defendants, while working as officers for the CITY and/or OPD, and acting within the course and scope of their official duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable seizures/detentions/arrests and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

128.   On information and belief, Plaintiff reasonably believed that if he exercised her constitutional rights to be free from unreasonable seizures, arrests, searches, and/or excessive force Defendants would commit acts involving violence, threats, coercion or intimidation against his person.

129.   On information and belief, Defendants seized, detained, arrested, and

used force against and/or injured Plaintiff to prevent Plaintiff from exercising his rights or to retaliate against Plaintiff for having exercised her rights.

130.   Upon information and belief, a substantial and motivating reason for the Defendants' use of excessive force, unlawful detention, search and arrest was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some and operation upon some bias because of Plaintiff's race, gender, national origin, clear and apparent vulnerability in reckless disregard of Plaintiff's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

131.   After Defendants' preliminary detention and search of Plaintiff, Defendants knew that Plaintiff did not commit any crime, did not intend to commit a crime, and was not armed or dangerous.

132.   Defendants acted with racial animus and took advantage of Plaintiff's race and national origin by treating him in a manner otherwise unpermitted when dealing with non-African American persons.

133.   As a proximate result of the aforementioned acts of Defendants, and

each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).

134.   Defendants CITY and/or OPD are vicariously liable for the wrongful acts of Defendants pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## NINTH CASUE OF ACTION

## NEGLIGENCE/NEGLIGENT

## EMPLOYMENT/RETENTION/TRAINING/SUPERVISION

## (By Plaintiff PAUL KAVIN NUTALL against Defendants CITY OF

## ONTARIO and ONTARIO POLICE DEPARTMENT)

135.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 134 of this Complaint, and by reference incorporates the same herein and makes each a part hereof.

136.   On information and belief sometime prior to this incident, Defendants CITY and/or OPD knew, or in the exercise of due care, should have known that Defendants LILLIE, DERISIO, and Defendant DOES, and each of them, had a propensity, character trait, and practice, while purporting to act under

color of law, for violence, dishonesty and prevarication, especially against persons of color.

137.   At all times mentioned herein, Defendants CITY and/or OPD knew, or in the exercise of due care, should have known that the afore described traits of character, practices and propensities of Defendants, and each of them, made them unfit to serve as peace officers and would cause harm and injury to members of the public, including persons in the custody of said Defendants.

138.   At all times mentioned herein, Defendants had a duty under the law to not unlawfully detain, unlawfully arrest, unlawfully search and/or use excessive force under the United States Constitution, all State and Federal laws.

139.   Notwithstanding such knowledge, Defendants CITY and/or OPD negligently, carelessly and recklessly, employed, retained and failed to properly supervise, train and control Defendants, and each of them, inclusive, as peace officers and assigned said Defendants to duties which enabled each of them to make illegal arrests, fabricate probable cause and crimes, and use excessive force while purporting to act under the color of law.

140.   As a proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff suffered mental anguish, physical pain and suffering, emotional distress and financial losses, all to the Plaintiff's damage in a sum according to proof.

141.    Further, Defendant CITY and/or OPD are responsible for the actions, inactions and damages caused by Defendants under *respondeat superior* including, but not limited to under California Govt. Code § 815.2, 820, and 825.

142.    Police officers, including Defendants LILLIE, DERISIO, and Defendant DOES, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort. These duties also include providing proper training and equipment to officers so that they may perform their duties in accordance with the department policies, properly investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

143.    The Defendants breached their duty of care to Plaintiff and every citizen by engaging in the conduct alleged herein. Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a) the failure to properly identify Plaintiff;

(b) the failure to properly and adequately assess the need to use force against Plaintiff

(c) the negligent tactics and handling of the situation with Plaintiff,

including pre-seizure/detention/arrest negligence;

(d) the negligent scope and manner of the seizure and use of force, against Plaintiff;

(e) the failure to properly train and supervise employees, both professional and non-professional, including Defendants LILLIE, DERISIO, and Defendant DOES, inclusive;

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of Plaintiff;

(g) the negligent handling of evidence, witnesses, and the negligent investigation of the unlawful and unreasonable seizure/detention/arrest of Plaintiff; and

(h) the failure to punish, re-train, terminate, and/or prosecute violators of Department policies and the law.

144.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe past and future mental and physical pain and suffering. Plaintiff was also caused to suffer substantial harm including but not limited to past and future pain and suffering. In other words, the Defendants' negligence was a substantial factor in causing Plaintiff's harm.

145.   The harm caused by Defendants was caused by something that only the Defendants controlled. The Defendants had control over the tactical decisions made during the interaction.

146.   Defendants' aforementioned violations of the law as stated was a substantial factor in bringing about Plaintiff's harm.

147.   The CITY and OPD are vicariously liable for the wrongful acts of Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability. Plaintiff also seeks attorney fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

## TENTH CAUSE OF ACTION

## DEFAMATION/ LIBEL PER SE

**(By Plaintiff PAUL KAVIN NUTALL against Defendants LILLIE, DERISIO, CITY OF ONTARIO, ONTARIO POLICE DEPARTMENT, and DOES 1-100, Inclusive)**

148.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1 through 147 of this Complaint, and by reference incorporates the same herein and makes each a part hereto.

149.   Plaintiff PAUL KAVIN NUTALL's eventual release from

police custody and the officer's acknowledgement of the mistaken identity, the citation issued to Plaintiff by Defendants LILLIE, DERISIO, CITY OF ONTARIO, and/or ONTARIO POLICE DEPARTMENT, states four violations including grand theft and forgery. Plaintiff never committed these crimes, was falsely accused of committing these crimes, and the citation was never corrected.

150.   Despite Plaintiff PAUL KAVIN NUTALL's eventual discharge and the officer's acknowledgement of the mistaken identity, the Vehicle Report prepared by Defendants LILLIE, DERISIO, CITY OF ONTARIO, and/or ONTARIO POLICE DEPARTMENT for the impounding of the vehicle Plaintiff was driving prior to the false arrest, states that the driver, Plaintiff PAUL KAVIN NUTALL, was found to have "two active warrants for his arrest, driver was arrested, and vehicle was towed for UC 22651(h)(1)." This incorrect and false statement and allegation was never corrected by Defendants.

151.   On its face, the defamatory meaning of Defendants' false accusations and statements, is apparent without the need for extrinsic facts.

152.   Defendants' defamatory statements, falsely charge and accuse Plaintiff of committing crimes of moral turpitude, including forgery and grand theft.

153.   Each of Defendants' statements on the Vehicle Report and citation, were published to at least one other person.

154.    Due to Defendants' false accusations, charges, and apparent reckless disregard for the truth, Plaintiff suffered significant damages.

## ELEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiff PAUL KAVIN NUTALL against ALL Defendants)

155.    Plaintiffs hereby refer to and re-allege each and every allegation contained in paragraphs 1 through 154 of this Complaint, and by reference incorporates the same herein and makes each a part hereto.

156.    The above acts and omissions of Defendants were done with knowledge that Plaintiffs were particularly susceptible to mental and emotional distress by virtue of Plaintiffs' race, gender, and vulnerability as consumers.

157.    Defendants were officers who were acting in the course and scope of their employment and on behalf of Defendant CITY and/or OPD with all requisite authority conferred upon them by Defendant CITY and/or OPD.

158.    City Defendants knew or had reason to know that their aforementioned unprivileged acts and omissions would cause Plaintiff severe and ongoing mental and emotional distress. The above-mentioned acts were committed by Defendants were extreme and outrageous with willful intention and/or reckless disregard that Plaintiffs or the probability that Plaintiffs would

suffer severe emotional and mental distress as a result knowing that Plaintiffs were present when the conduct occurred.

159.   Falsely accusing and charging Plaintiff PAUL KAVIN NUTALL of felony crimes, and crimes of moral turpitude, and continuing down a line of seizure/detention arrest when it is clear that Plaintiff was not involved in any crime was extreme and outrageous.

160.   Defendants' use of excessive and unnecessary force so that Plaintiff PAUL KAVIN NUTALL needed immediate medical attention was extreme and outrageous.

161.   By virtue of Defendants' positions and employment, Defendants CITY and/or OPD knew of or reasonably should have known of, authorized, adopted, approved and/or ratified Defendants' wrongful, unlawful and unconstitutional conduct before, during and/or after it occurred.   Plaintiff is informed and believes and thereon alleges that the aforementioned acts and omissions of Defendants was willful, malicious, intentional, oppressive, knowingly false and were done in willful and conscious disregard of Plaintiff's rights thereby justifying the award of punitive damages against Defendants and each of them.

162.   Defendants knew or should have known that severe emotional

distress would result from their conduct; or Defendants gave little or no thought to the probable effects of their conduct.

163.   As police officers, Defendants abused a position of authority or a relationship that gave Defendants real or apparent power to affect Plaintiff's interests.

164.   As a direct and proximate result of the Defendants' actions, Plaintiff sustained severe mental and emotional distress, so much so that he has suffered from serious emotional illness presenting physical manifestations, thereby justifying an award of compensatory, special and punitive damages in an amount to be proven at trial.

165.   Defendants HAN ZHANG and TURO INC. knew or should have known that Defendant HAN ZHANG's vehicle was out of compliance with applicable vehicle registration regulations, and therefore knew or should have known that severe emotional distress would result from Defendants' conduct of allowing Plaintiff to rent a vehicle with expired vehicle registration.

166.   Defendants aforementioned conduct as a substantial factor in causing Plaintiff's severe emotional distress.

## TWELTH CAUSE OF ACTION

### NEGLIGENCE

### (By Plaintiffs against Defendants TURO INC. and HAN ZHANG)

167.    Plaintiffs hereby refer to and re-allege each and every allegation contained in paragraphs 1 through 1666 of this Complaint, and by reference incorporates the same herein and makes each part hereto.

168.    Plaintiffs are informed and believe Defendants TURO INC. and HAN ZHANG owed Plaintiffs a duty of professional care as the owners and operators of the vehicle Plaintiffs rented from Defendants, and the Turo website and/or company Plaintiffs utilized and relied on to rent the vehicle.

169.    Defendants breached this duty of care by its negligent ownership, operation, renting, entrustment, management, maintenance, inspection, regulation, and control of the rental vehicle, therefore causing Plaintiff to be stopped by City Defendants, for expired vehicle registration.

170.    Defendants' failure to disclose and ommision of of the rental vehicle's registration was the actual and proximate cause of City Defendants' stop which led to Plaintiffs suffereing significant emotional distress.

## THIRTEENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiffs against Defendants TURO INC. and HAN ZHANG)

171.    Plaintiffs hereby refer to and re-allege each and every allegation contained in paragraphs 1 through 170 of this Complaint, and by reference incorporates the same herein and makes each a part hereto.

172.     Defendants TURO INC. and HAN ZHANG owed Plaintiffs a duty of professional care as the owners and operators of the vehicle Plaintiff rented from Defendants and the Turo website and/or company, Plaintiff used to rent the vehicle.

173.     Defendants breached this duty of care by its negligent ownership, operation, renting, entrustment, management, maintenance, inspection, regulation, and control of the rental vehicle, therefore causing Plaintiff PAUL KAVIN NUTALL to be stopped by City Defendants, for expired vehicle registration.

174.     Defendants' breach of care was the actual and proximate cause of Plaintiffs' severe emotional distress which has resulted in actual damages, as each Plaintiff endured a traumatic event themselves or with a close family member which has caused lasting physical injury, emotional distress, fear, and trauma.

175.     Plaintiff TIFFANY NUTALL suffered severe emotional distress of perceiving her husband, Plaintiff PAUL KAVIN NUTALL be profoundly injured and distressed due to Defendants' negligent conduct.

## FOURTEENTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES

**(By Plaintiffs against Defendants TURO INC., and HAN ZHANG)**

176.   Plaintiffs refer to and re-allege each and every allegation contained

in paragraphs 1 through 175 of this Complaint, and by reference incorporates the same herein and makes each a part herein.

177.    Defendant HAN ZHANG, as the entrusted owner of the 2015 Maserati Ghibli, listed on Defendant TURO INC.'s website as an available vehicle to rent, and was ultimately rented by Plaintiffs, has engaged in unfair business practices, in his failure to properly own, rent, maintain, inspect, manage, regulate, control, and ensure compliance of all applicable vehicle codes and regulations, including failing to maintain accurate and current vehicle registration, in a reasonable manner, in violation of Cal. Bus. & Prof. Code § 17200 and Section 5 of the Federal Trade Act of 1974, 15 U.S.C. § 45.

178.    Defendant TURO INC., as the entrusted owner and operator of the car rental company Turo, has engaged in unfair business practices, in its failure to properly rent, maintain, inspect, manage, regulate, control, and ensure compliance of all applicable vehicle codes and regulations, including allowing a rental car with outdated and uncompliant vehicle registration, in a reasonable manner, in violation of Cal. Bus. & Prof. Code § 17200 and Section 5 of the Federal Trade Act of 1974, 15 U.S.C. § 45.

179.    Defendant TURO's Terms of Service specifically state that car rental hosts, "are required to regularly check your vehicle for any defects in its operations or safety. You promise that, at all times, your vehicle will be in safe

COMPLAINT FOR DAMAGES

and roadworthy condition, in good mechanical condition, and in full compliance with all applicable inspection and registration requirements, including any required safety inspections."

180.   Plaintiffs sustained damages in an amount to be proven at trial as a result of Defendants' unfair business practices

181.   Plaintiffs have suffered physical and emotional damages by Defendants' actions and inaction, in that Plaintiffs experiences or perceived a loved one experience a distressing and avoidable encounter with Defendant CITY and OPD. This experience ultimately has caused Plaintiffs severe emotional distress including sleeplessness, anxiety, mental anguish, terror, financial hardship, loss of transportation, and severe physical injuries requiring medical care.

182.   Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and the costs to bring this action.

## FIFTEENTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

**(By Plaintiffs against Defendants TURO INC. and HAN ZHANG)**

183.   Plaintiffs refer to and re-allege each and every allegation contained

COMPLAINT FOR DAMAGES

in paragraphs I through 182 of this Complaint, and by reference incorporates the same herein and makes each a part hereto.

184.   Defendants failed to inform Plaintiffs that Defendants vehicle and

185.   Due to the relationship between Plaintiffs and Defendants, as consumers of the merchants products and services, Defendants had a duty to disclose all pertinent information regarding the vehicles' safety and operation.

186.   Plaintiffs justifiably relied on Defendants' failure to disclose such a fact, and believed Plaintiff PAUL KAVIN NUTALL was operating and driving a vehicle that was compliant with all applicable vehicle codes and regulations.

187.   As a result of Defendants' negligent omission and failure to disclose, Plaintiffs experienced significant and severe physical injuries and emotional as a result of the police stop by City Defendants and subsequent events.

188.   But for Defendants' negligent omission and failure to disclose, Plaintiff would not have endured the events following the police stop by City Defendants for expired vehicle registration. Plaintiffs would not have rented a vehicle from Defendants that was illegal to operate and not in compliance.

## SIXTEENTH CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (By Plaintiffs against Defendant HAN ZHANG)

189.  Plaintiffs refer to and re-allege each and every allegation contained in

paragraphs 1 through 188 of this Complaint, and by reference incorporates the same herein and makes each a part hereto.

190.  An economic relationship existed between Plaintiffs and Defendant TURO, with the probability of future economic benefit to Plaintiffs, given Plaintiffs' exemplary use of Defendant TURO's services for years resulting in Plaintiffs' 5.5 star rating as renters of Defendant TURO.

191.  Defendant HAN ZHANG knew or should have known of this business relationship, as Defendant was a host of Defendant TURO and arranged for the services Plaintiffs contracted and paid for through Defendant TURO.

192.  Defendant HAN ZHANG intentionally and unlawfully failed to disclose pertinent information regarding his vehicle's outdated registration and illegal operation, to Plaintiffs upon the purchasing of the rental vehicle or pick up of the vehicle.

193.  As a result of Defendant HAN ZHANG's failure to disclose and omission of the rental vehicle's outdated registration, Plaintiffs endured extremely distressing events with City Defendants that ultimately led to Defendant TURO's premature restriction of Plaintiffs' Turo Account, and termination of the business relationship with Plaintiffs due to misinformation.

194.  Plaintiffs have and continue to experience significant economic harm as Plaintiffs can no longer utilize Turo's services.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants, inclusive, as follows and/or a jury trial:

A.    For compensatory and special damages in an amount to be proven at trial;

B.    For loss of wages and earning capacity;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For statutory damages;

E.    For interest;

F.    For reasonable attorneys' fees, including litigation expenses and costs pursuant to 42 U.S.C. § 1988;

G.    For costs of suit;

H.    For mental, emotional, physical past, present and future pain and suffering and reasonable costs of medical care; and

I.    For such further other relief as the Court may deem just, proper, and appropriate.

*///*

COMPLAINT FOR DAMAGES

Dated: February 27, 2025

**IVIE McNEILL WYATT PURCELL & DIGGS**

By: _____

**BYRON MICHAEL PURCELL, ESQ.**
**TIANA D. LOVING, ESQ.**
Attorneys for Plaintiff,
**PAUL KAVIN NUTALL**
**TIFFANY NUTALL**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.


Dated: February 27, 2025

**IVIE McNEILL WYATT PURCELL & DIGGS**

By: _____

**BYRON MICHAEL PURCELL, ESQ.**
Attorneys for Plaintiff,
**PAUL KAVIN NUTALL**
**TIFFANY NUTALL**